# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALEX VINCENT GOLOSOW,**

      **Plaintiff,**

v.                                                               Civil Action No. 2:10cv71
                                                                      (Judge Maxwell)

**JIM RUBENSTEIN, WILLIAM FOX,**
**BRADY STEPHENS, JOE HILL,**
**SGT. STEVEN KALINOFSKI AND**
**LT. MIRANDA QUINN,**

      **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

### I.  Procedural History

The *pro se* plaintiff initiated this case on June 3, 2010, by filing a civil rights action against the above-named defendants. He was granted permission to proceed as a pauper on June 9, 2010, and directed to pay an initial partial filing fee of $48.54. The plaintiff paid the initial partial filing fee on July 21, 2010. This case is before the undersigned for a preliminary review pursuant to LR PL P 2 and 28 U.S.C. §§ 1915(e) and 1915A

### II.  The Complaint

The plaintiff is a prisoner housed at the St. Mary's Correctional Center in St. Mary's, West Virginia.[1] See dckt. 1 at 8. In his complaint, he asserts during a "shakedown" on April 19, 2010, several items of his personal property were seized. *Id.* at 9. He alleges that during a review of the items seized, Sgt. Kalinofski and Lt. Quinn found that the plaintiff was in possession of contraband

---

[1] In his complaint, the plaintiff also indicates that he is serving a sentence of life without mercy. See dckt. 1 at 11.

items. *Id*. In particular, the plaintiff's white Sony CD player and extra pair of headphones were identified as either stolen or not on his "state shop record." *Id*. at 10. The plaintiff asserts that he offered to produce receipts and a state shop card to show that the items were indeed his. *Id*. The plaintiff further notes that the items in question were clearly engraved with his DOC number. *Id*.

Nevertheless, the plaintiff asserts that he was given the option of disposing of the CD player and headphones, or "taking an SI seizure form," whereby the disposition of his property and the decision as to whether he was in violation of jail rules would be decided by Mr. Pat Mirandy. *Id*. The plaintiff further states that he was summoned to the Magistrate's office eight days after the "shakedown," whereby he was informed that Sgt. Kalinofski had written a violation report against him, apparently at the direction of Associate Warden Joe Hill. *Id*. at 10. The plaintiff also states that he was told at that time that his possessions were in the custody of Mr. Hill. *Id*.

The plaintiff next contends that he had a hearing before the Magistrate Judge. *Id*. During that hearing, his representative brought to Magistrate Stephens' attention several relevant guidelines that he alleged were not complied with by the officers who conducted the shakedown. *Id*. In particular, the plaintiff called out Policy Directives 400.03 (page 6, section J) and 325.00 (section 6.02), as well as Operational Procedures number 3.08 and Title 95, Legislative Rule 16.11. The plaintiff alleges that notwithstanding the alleged procedural issues brought forth, the Magistrate gave him a "five day referral," with a finding of guilty as charged.[2] *Id*.

On May 9, 2010, the plaintiff requested an appeal of the judgment made at the disciplinary

---

[2] The plaintiff has attached a copy of the hearing report, which appears to outline the punishment meted out, however the copy is obscured and difficult to read. See dckt. 1-2 at 10; But See dckt. 1-2 at 2. It seems that the plaintiff received sanctions of thirty days loss of privileges running concurrently with some other sanction. *Id*. From this, and the fact that the plaintiff is serving a life sentence without mercy, there is no apparent loss of "good time" credits or the equivalent.

hearing. See dckt. 1-2 at 2. His appeal was based on alleged violations of Policy Directives 400.03(J) and 325.00, section 602, as well as Operational Procedures number 3.08 and Title 95, Legislative Rule 16.11. *Id*. at 3-7. On May 10, 2010, Warden William Fox denied the plaintiff's request for appeal on the basis that the testimony heard at the hearing supported the charge, and that the plaintiff's own testimony supported the charge. *Id*. at 1. Moreover, Warden Fox found that the hearing officer acted within policy guidelines. *Id*.

As relief for the alleged violations of his rights, the plaintiff seeks:

(1) injunctive relief:

    (A) terminating William Fox, Brady Stephens, Joe Hill, Sgt. Steven Kalinofski from their current positions in the Department of Corrections ("DOC"),

    (B) replacing Commissioner Jim Rubenstein;

(2) restitution:

(3) return of the following property:

    (A) White Sony C.D. player,

    (B) Sony MDR 600 headphones,

    (C) Queen platinum C.D. set,

    (D) batteries; and

(4) unspecified compensatory damages for stress and added misery.

### III. Standard of Review

A complaint filed by a prisoner seeking redress from a governmental entity or employee must be reviewed to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must

dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

## IV. Analysis

Although the plaintiff has not clearly stated the law under which he is pursuing his claims, the Court reviews his complaint bearing in mind the well settled principal that "however inartfully pleaded, [a pro se complaint] must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotations omitted). Accordingly, the Court construes the plaintiff's complaint as a 42 U.S.C. § 1983 civil rights claim,[3] thus giving it subject matter jurisdiction pursuant to 28 U.S.C. 1331.[4]

"Prisoners . . . may not be deprived of life, liberty, or property without due process of law." Wolff v. McDonnell, 418 U.S. 539, 556 (1974)(internal citations omitted). Moreover, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to

---

[3] The Court arrives at this conclusion based upon the plaintiff's allegations that the state and/or actors allegedly acting under color of state law deprived him of certain Constitutional rights. See Green v. Maroules, 211 Fed. Appx. 159, 161 (4th Cir. 2006) ("To state a claim under § 1983, a plaintiff must aver that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States.").

[4] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

4

the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483–84 (1995)(internal quotations and citations omitted). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

In this case, the plaintiff challenges the prison disciplinary proceedings which resulted in the loss of his personal property and other sanctions. As to prison disciplinary proceedings, the Supreme Court has stated inmates are afforded a subset of due process protections, including: written notice of the charges at least twenty-four hours before a hearing to enable the inmate to prepare a defense; to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety; and a written explanation of the evidence relied on and reasons for disciplinary action. *Id*. at 559 (1974)(citing Morrissey v. Brewer, 408 U.S. 471, 489 (1972));See also Brown v. Braxton, 373 F.3d 501 (4th Cir. 2004)(holding that denying a prisoner's request to call a fellow inmate as a witness in a disciplinary hearing was supported by "penological interests"). Nevertheless, an inmate does not have a right to confrontation and cross examination, or a right to counsel in those same proceedings. *Id*. at 567,570.

Disciplinary decisions comport with the requirements of procedural due process when there is "some evidence" to support the disciplinary decision by the fact finder. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985). Here, the record shows that the plaintiff was notified of a hearing at least twenty-four hours ahead of time. See dckt. 1-2 at 9. The record also shows that

the plaintiff was provided with a representative who introduced evidence in his defense. See dckt. 1 at 10. He was also provided with a written explanation of the evidence relied on and reasons for the disciplinary action. *Id*. at 7-10. The plaintiff does not raise the issue of whether he was deprived of the right to call witnesses. Thus, the plaintiff was clearly afforded all of the due process protections due him under Wolff. The heart of the plaintiff's complaint is that the state failed to follow its own policies and procedures.

> Specifically, the plaintiff asserts that the State failed to adhere to the following policies:
>
> (1) Policy Directive 400.03(J) which states "[w]henever property is seized from an inmate, the 'seizing employee' will complete a receipt and issue a copy to the inmate . . ."
>
> (2) Policy Directive 325.00, section 6.02, which states that "[a]ny employee witnessing or determining the occurrence of a rule violation . . . shall complete an Incident Report as soon as possible."
>
> (3) Operational Procedures number 3.08 which allegedly requires an officer to complete a property seized form when the property is seized. Complaint at 4.
>
> (4) Title 95, Legislative Rule 16.11 which allegedly states that disciplinary hearings should be scheduled no later than five days, excluding weekends and holidays, after the alleged violation is reported. *Id.* at 3.

In this case, even assuming that a violation of any one of these policies creates a protected due process interest, the plaintiff has failed to establish that either a violation of policy occurred or that he was prejudiced by any violation.

From the allegations alleged in the complaint, the incident report (dckt. 1-2 at 9) and the property seizure receipt (dckt. 1-2 at 7), the following issues are indisputable. A shakedown was

conducted on the plaintiff's cell on April 19, 2010. Complaint at 3. At that time, certain property thought to be contraband was removed from the plaintiff's cell by Shawna Bunner and an unknown correctional officer. *Id.* The items were taken to a "dayroom" where the plaintiff was later summoned and questioned about the items by Lt. Quinn and Sgt. Kalinofski. *Id.* at 3-4. The plaintiff was told that he would be charged with a disciplinary violation and that the suspected contraband would be confiscated pending his disciplinary proceedings. *Id.* at 4. Thus, Sgt. Kalinofski seized the items and completed both a Evidence/Property Seizure Receipt and Violation Report. Dckt. 1-2 at 8-9. Although Sgt. Kalinofski was not the person who removed the items from the plaintiff's cell, he was the person who seized them upon the determination that the items were contraband. Complaint at 4. Moreover, he was present at the time it was determined the items appeared to be contraband. *Id.* Therefore, there was no violation of Policy Directive 400.03(J), Policy Directive 325.00, section 6.02, or Operational Procedure number 3.08.

Additionally, although the plaintiff's disciplinary hearing did not occur within five days from the date the incident was reported,[5] the plaintiff provides no evidence that such a technical violation is sufficient to erase the incident report. Moreover, there is no evidence that he was prejudice by the very short delay between the writing of the report, his receipt of it, and the disciplinary hearing. For all of these reasons, the plaintiff simply cannot establish that his constitutional rights were violated during the challenged disciplinary proceeding and his claim should be dismissed.

---

[5]The incident report is dated April 19, 2010. The plaintiff's disciplinary hearing was held on May 4, 2010, eleven days later, excluding weekends and holidays. See dckt. 1-2 at 9. However, the plaintiff did not receive a copy of the report until April 29, 2010. *Id.* Significantly, the hearing was held within three working days of the plaintiff's receipt of the report.

## V. Recommendation

For the reasons stated, the undersigned recommends that the plaintiff's complaint (dckt. 1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for the failure to state a claim for which relief may be granted and that this case be removed from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from **a** judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: August 5, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE